UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                              04 Cr. 447 (RPP)
                                                              05 Civ. 6370 (RPP)

      - against -

                                                          **OPINION AND ORDER**

ARTOUR ARAKELIAN,

                              Defendant.
-----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On July 12, 2005, Artour Arakelian, a Defendant who has pled guilty in a criminal prosecution pending before this Court, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition asserts that Defendant has been deprived of the right to effective assistance of counsel at plea bargaining and that the appropriate remedy is the imposition of the forty-six month sentence originally offered by the Government during the plea bargaining stage. This habeas petition is dismissed for the reasons stated below.

      **BACKGROUND**

On November 22, 2004, Defendant pled guilty to Counts One through Ten of the Government's second superseding indictment (11/22/04 Tr. at 16). A Fatico hearing and sentencing of the defendant was initially scheduled for May 18, 2005. Before May 18, 2005, the Court received two letters from Defendant regarding his upcoming sentence. On May 13, 2005, the Court received a handwritten letter directly from the Defendant. On May 16, 2005, the Court received a letter from Mr. Weissman, counsel for the

Defendant, attaching a typed statement signed by the Defendant. In his statement, Defendant asked the Court to permit him to withdraw his guilty plea. Defendant also requested that the Court appoint new counsel because Defendant did not believe his retained counsel had represented him effectively and he could not afford to retain new counsel.

On May 18, 2005, after the Government left the courtroom in order to allow Defendant to state his grounds for believing that his retained counsel had not represented him effectively and before the Court could consider his request for assignment of new counsel, Mr. Weissman volunteered that the Defendant had retained new counsel. On May 31, 2005, Cheryl Sturm, Esq. entered an appearance as Defendant's new counsel. On July 12, 2005, Defendant filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, raising the issue of ineffective assistance of counsel.[*] On July 13, 2005, Ms. Sturm also filed a motion for recusal pursuant to 28 U.S.C. § 455(a). On September 6, 2005, this Court denied the motion for recusal. The instant opinion deals with the habeas petition.

**DISCUSSION**

Petitions for habeas corpus pursuant to 28 U.S.C. § 2241 do not generally lie prior to sentence. Judge Denise L. Cote of this Court has determined that a petition raising the claim of ineffective assistance of counsel filed pursuant to 28 U.S.C. § 2241 is premature when filed after trial but prior to sentencing. United States v. Esteban Gonzalez, No. 00 CR 447 (DLC), 2001 U.S. Dist. LEXIS 13096 (S.D.N.Y. Aug. 30, 2001). As Judge Cote noted, "a challenge to the execution of a sentence…is properly filed pursuant to Section

---

[*] The petition for habeas corpus was initially assigned to Judge Hellerstein in this District. The petition was then reassigned to this Court since it related to the same subject matter as the criminal prosecution.

2241," (citing Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997)) and "petitions under Section 2241 typically challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions'" (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)). Id. at *5. Defendant's petition in the instant case does not raise any of these issues, which generally arise post-sentence.

In denying relief pursuant to 28 U.S.C. § 2241 in Gonzalez, Judge Cote relied on the Ninth Circuit's opinion in United States v. Pirro, 104 F.3d 297 (9th Cir. 1997). In Pirro, the Ninth Circuit affirmed the dismissal of a § 2241 petition filed prior to sentencing, holding that the filing of a pre-sentence petition for habeas corpus pursuant to 28 U.S.C. § 2241 was not appropriate. The Ninth Circuit expressed concern that giving defendants the opportunity to utilize § 2241 prior to sentencing to raise claims that were otherwise available in a Section 2255 motion "would allow all incarcerated defendants simultaneously to pursue both section 2241 petitions challenging the validity of their convictions and sentences and direct appeals challenging the same. This result would eviscerate our goal of judicial economy by engaging the attention of two courts on the same case at the same time." Id. at 299. Accordingly, "[a] section 2241 habeas petition is authorized only if the remedy available under section 2255 is 'inadequate or ineffective to test the legality of [a defendant's] detention.'" Id. at 298. The Ninth Circuit concluded that "the delay resulting from the fact that the sentencing court will not review a section 2255 motion until the direct appeal is resolved" does not render the relief under the § 2255 motion "inadequate or ineffective." Id. The Ninth Circuit held that a § 2241 petition filed before sentencing will not be allowed absent a showing that the relief under

**Copies of this Opinion and Order sent to:**

*Counsel for the Government*

David N. Kelley, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn: Katherine Polk Failla / Marc Litt
Tel: 212-637-2324 / 2295
Fax: 212-637-2605

*Counsel for the Defendant:*

Cheryl J. Sturm, Esq.
387 Ring Road
Chadds Ford, PA 19317
Tel: 484-771-2000
Fax: 484-771-2008

a § 2255 motion would be inadequate or ineffective. Defendant has not attempted to make such a showing here.

More to the point, Defendant's petition for a writ of habeas corpus pursuant to § 2241 is inherently defective. Rather than contesting the legality of the Defendant's custody, it seeks a reinstitution of a plea offer of 46 months of imprisonment, an offer apparently made by the government and subsequently withdrawn. Since the petition does not provide grounds for a habeas corpus challenge, Defendant's petition is dismissed and the adjourned Fatico hearing and sentencing will proceed on September 22, 2005 at 9:30 a.m.

Nevertheless, Defendant's petition raises an issue as to the effectiveness of counsel, which requires a prompt hearing while memories are relatively fresh. Accordingly, the Court will allow the petitioner to file his present papers as a motion pursuant to Section 2255 promptly after sentencing. An evidentiary hearing will be held on that petition on September 26, 2005 at 9:30 a.m. so that the issue may be reviewed on direct appeal.

**CONCLUSION**

For the foregoing reasons, Defendant's petition for habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed.

IT IS SO ORDERED.

Dated: New York, New York
September 8, 2005

---
Robert P. Patterson, Jr.
U.S.D.J.