UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                  04 Cr. 447 (RPP)

    - against -

                                                                                                  **ORDER**

ARTOUR ARAKELIAN,

                              Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       The Court's Order of October 14, 2005 granted Defendant's request for a hearing on its claim for a departure based on ineffective assistance of counsel (Defendant's Supplemental Sentencing Memorandum dated September 15, 2005 ("Supp. Sentencing Mem.") at 9, 11), and put the Government on notice that a member of the prosecution might be a necessary witness at the <u>Fatico</u> hearing scheduled for October 20, 2005. By letter dated October 14, 2005, the Government responded that, in its view, since the dates and terms of plea offers made to the defendant were not at issue, no government attorney need be a witness at the <u>Fatico</u> hearing. In a letter in response dated October 17, 2005 (the "Sturm Letter"), defense counsel stated that it is her understanding that the Government has withdrawn its request for a role enhancement and that "[t]here is no disagreement as to the enhancement for sophisticate[d] means, loss of over $2.5 million or more than 50 victims as each of those items relates to sentencing guidelines calculations." (Sturm Letter at 1.) Evidently not understanding that the Court had accepted counsel's arguments in the Supplemental Sentencing Memorandum, and inconsistent with the legal arguments made in that Memorandum, defense counsel states

that "Mr. Arakelian will not be presenting evidence regarding ineffective assistance of counsel at a Fatico hearing." (Id. at 1.)[1]

The Court's Order of October 14, 2005 was intended to make clear to the parties that, as requested by the defense in its Supplemental Sentencing Memorandum and in order to conserve the time of Court and counsel, it intended to hear the evidence of ineffective assistance of counsel. The Court wished to hold an evidentiary hearing so that, pursuant to U.S.S.G. § 5K2.0, it might depart from the sentencing range established by the applicable Guidelines "if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" (2000). See U.S. v. Bicaksiz, 194 F.3d 390, 398 n.9 (2d Cir. 1999); U.S. v. Gordon, 156 F.3d 376, 377 n.1 (2d Cir. 1999). In Bicaksiz, the Defendant was contesting the validity of his conviction due to his counsel's alleged ineffective assistance during trial. Bicaksiz, 194 F.3d at 398. Since Arakelian is not contending that he is not guilty of the charges in the indictment (Supp. Sentencing Mem. at 9), it would appear that a departure for ineffective assistance of counsel, pursuant to U.S.S.G. § 5K2.0, would not challenge the validity of Defendant's conviction and would be permissible if the evidence at the Fatico hearing substantiates it. Accordingly, the parties are put on notice that the Court will hear evidence on ineffective assistance of counsel at the Fatico hearing and will consider a departure pursuant to § 5K2.0. The Court orders that Mr. Weisman and Mr. Jasper appear to give testimony at

---

[1] The Sturm Letter abandons the argument set forth in defense counsel's Supplemental Sentencing Memorandum and supports the opposing argument in the Government's letter of September 19, 2005.

the Fatico hearing on October 20, 2005 on that subject.[2] Any other witnesses with evidence relevant to the issue of ineffective assistance of counsel may also be called; moreover, if there is any material dispute about the dates and terms of the plea offer, which the defendant claims he did not accept because of a failure by former counsel "to give the benefit of professional advice in connection with the offer of 46 months" (Supp. Sentencing Mem. at 9), those witnesses may include a prosecution attorney.

Defense counsel's position that "any statement made as a part of the 2241 habeas corpus petition can have no effect on the sentence imposed in this case" (Sturm Letter at 2) appears irrelevant, since defense counsel submitted Mr. Arakelian's affidavit as an exhibit to its Supplemental Sentencing Memorandum.

With respect to defense counsel's request that the Government attorneys testify in support of "the sentencing enhancements the government now seeks," (Sturm Letter at 3), the Sturm Letter states, "[t]here is no disagreement as to the enhancement for sophisticate[d] means, loss of over $2.5 million or more than 50 victims as each of those items relates to sentencing guidelines calculations." (Sturm Letter at 1.) Since the obstruction of justice enhancement requested by the Government does not appear to involve personal knowledge of the Government attorneys, it is unclear to the Court what testimony the Government attorneys should provide. The Court should be advised before the hearing of the nature of the testimony that the defense expects from the Government so that its relevance can be evaluated.

Accordingly, at the Fatico hearing evidence will be taken on Defendant's claim of ineffective assistance of counsel, Defendant's other requests for downward departure

---

[2] The Court has an interest in ensuring that the attorneys admitted to this Court are qualified to represent clients in criminal, as well as civil, proceedings. Local Rule 1.3.

contained in the sentencing memoranda of former counsel, and the prosecutor's request for enhancement for obstruction of justice. The parties are to advise the Court of any other issues on which evidence is to be heard.

IT IS SO ORDERED.

Dated: New York, New York
October 18, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Order sent to:**

*Counsel for the Government*

Michael J. Garcia, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn: Katherine Polk Failla / Marc Litt
Tel: 212-637-2324 / 2295
Fax: 212-637-2605

*Counsel for the Defendant:*

Cheryl J. Sturm, Esq.
387 Ring Road
Chadds Ford, PA 19317
Tel: 484-771-2000
Fax: 484-771-2008